UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOY ORJI,<br><br>    Plaintiff,<br><br>    v.<br><br>WALMART SUPERSTORES, INC.,<br><br>    Defendant. | No. 2:23-cv-1795-TLN-SCR<br><br>**ORDER** |

Plaintiff Joy Orji ("Plaintiff") proceeds in this action pro se. The matter was referred to a United States Magistrate Judge pursuant to Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). The magistrate judge filed findings and recommendations, (ECF No. 34), and Plaintiff timely filed objections (ECF No. 35).

The Court presumes that any findings of fact are correct. *See Orand v. United States*, 602 F.2d 207, 208 (9th Cir. 1979). The magistrate judge's conclusions of law are reviewed *de novo*. *See Robbins v. Carey*, 481 F.3d 1143, 1147 (9th Cir. 2007) ("[D]eterminations of law by the magistrate judge are reviewed de novo by both the district court and [the appellate] court[.]"). Having carefully reviewed the entire file, and for the reasons discussed below, the Court declines to adopt the findings and recommendations as they relate to Plaintiff's 42 U.S.C. § 1981 ("§ 1981") and California Civil Code § 51 ("Unruh Act") claims. The Court finds the remainder of the findings and recommendations are supported by the record and by the proper analysis and

1

adopts the remainder of the findings and recommendations in all other respects.

I.     **BACKGROUND**[1]

Plaintiff, "who is Black with African ancestry," alleges Defendant Walmart Superstores, Inc. ("Defendant") discriminated against her and deprived her of the "full and equal enjoyment" of Defendant's facilities in violation of § 1981 and the Unruh Act. (ECF No. 1 ¶¶ 3, 46–53, 54–61.) Plaintiff alleges the incident transpired when she was trying to leave Defendant's store on January 2, 2023. (*Id.* ¶ 24.) According to Plaintiff, a cashier rung her up and bagged all the items in Plaintiff's shopping cart without Plaintiff's assistance. (*Id.* ¶ 16.) Plaintiff alleges that when she was attempting to leave the store, she was stopped at the exit by Defendant's security personnel who discovered Plaintiff had not been charged for all the items in her cart. (*Id.* ¶¶ 19–20.) Plaintiff alleges the security guard was loud and rude and when a supervisor came over, the supervisor "became enraged" when Plaintiff asked if she could pay without standing in line again given the cashier's mistake. (*Id.* ¶¶ 23–25.) Plaintiff states the supervisor told her to "go back to where ever [she] came from . . . we don't do that here in America" and started making "other racial epitaphs" leaving Plaintiff feeling "shocked" and "utterly humiliated." (*Id.* ¶¶ 26, 50.) Plaintiff requested to see a manager on duty to report the incident. (*Id.* ¶ 28.) The manager came and after listening to Plaintiff, the manager apologized as did the cashier. (*Id.*) The store manager then paid for the items with a credit card and gave those items to Plaintiff for free. (*Id.* ¶¶ 28–29.)

Plaintiff filed the relevant Complaint on August 23, 2023, alleging three causes of action: (1) violation of § 1981; (2) violation of the Unruh Act; and (3) false imprisonment. (*See generally* ECF No. 1). Defendant subsequently moved to dismiss the Complaint in its entirety. (ECF No. 9.) The assigned magistrate judge recommended the Motion to Dismiss be granted in full without leave to amend. (ECF No. 34.) Plaintiff filed timely objections. (ECF No. 35.)

///

///

---

[1] For purposes of this order, the Court reiterates the following factual allegations pertinent to the § 1981 and Unruh Act claims.

1    **II.    STANDARD OF LAW**

2    A motion to dismiss for failure to state a claim upon which relief can be granted under

3    Federal Rule of Civil Procedure ("Rule") 12(b)(6) tests the legal sufficiency of a complaint.

4    *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  Rule 8(a) requires that a pleading contain a

5    "short and plain statement of the claim showing that the pleader is entitled to relief." *See*

6    *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009).  Under notice pleading in federal court, the

7    complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon

8    which it rests." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted).

9    "This simplified notice pleading standard relies on liberal discovery rules and summary judgment

10   motions to define disputed facts and issues and to dispose of unmeritorious claims." *Swierkiewicz*

11   *v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

12   On a motion to dismiss, the factual allegations of the complaint must be accepted as true.

13   *Cruz v. Beto*, 405 U.S. 319, 322 (1972).  A court is bound to give the plaintiff the benefit of every

14   reasonable inference drawn from the "well-pleaded" allegations of the complaint.  *Retail Clerks*

15   *Int'l Ass'n v. Schermerhorn*, 373 U.S. 746, 753 n.6 (1963).  A plaintiff need not allege "'specific

16   facts' beyond those necessary to state his claim and the grounds showing entitlement to relief."

17   *Twombly*, 550 U.S. at 570.

18   Nevertheless, a court "need not assume the truth of legal conclusions cast in the form of

19   factual allegations." *U.S. ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986).

20   While Rule 8(a) does not require detailed factual allegations, "it demands more than an

21   unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.  A

22   pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the

23   elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678

24   ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory

25   statements, do not suffice.").  Moreover, it is inappropriate to assume the plaintiff "can prove

26   facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not

27   been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459

28   U.S. 519, 526 (1983).

1    Ultimately, a court may not dismiss a complaint in which the plaintiff has alleged "enough
2    facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim
3    has facial plausibility when the plaintiff pleads factual content that allows the court to draw the
4    reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at
5    678. While the plausibility requirement is not akin to a probability requirement, it demands more
6    than "a sheer possibility that a defendant has acted unlawfully." *Id.* This plausibility inquiry is "a
7    context-specific task that requires the reviewing court to draw on its judicial experience and
8    common sense." *Id.* at 679.

9    In ruling on a motion to dismiss, a court may only consider the complaint, material
10   incorporated by reference, and matters which may be judicially noticed pursuant to Federal Rule
11   of Evidence 201. *See Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988); *Khoja
12   v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018). If a complaint fails to state a
13   plausible claim, "a district court should grant leave to amend even if no request to amend the
14   pleading was made, unless it determines that the pleading could not possibly be cured by the
15   allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (quoting
16   *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

17   **III.    ANALYSIS**

18   Defendant moves to dismiss each of Plaintiff's claims — (1) violation of § 1981, (2)
19   violation of the Unruh Act, and (3) false imprisonment — arguing Plaintiff fails to state plausible
20   claims for relief. (ECF No. 9-1 at 8–14.) Defendant also moves to strike portions of Plaintiff's
21   Complaint. (ECF No. 8.)

22   The Court agrees with the magistrate judge that Plaintiff fails to plead a claim for false
23   imprisonment (ECF No. 34 at 11–13) and striking Plaintiff's requests for relief is improper (*id.* at
24   14–15). Accordingly, for the reasons set forth in the findings and recommendations, the Court
25   GRANTS Defendant's Motion to Dismiss Plaintiff's claim for false imprisonment and DENIES
26   Defendant's motion to strike. However, the Court disagrees with the recommendation to grant
27   Defendant's Motion to Dismiss Plaintiff's § 1981 and the Unruh Act claims. The Court addresses
28   these claims in turn.

A.    <u>Plaintiff's 42 U.S.C. § 1981 Claim</u>

Section 1981 "prohibits racial discrimination in the making and enforcement of private contracts." *Runyon v. McCrary*, 427 U.S. 160, 168 (1976). Before the enactment of the Civil Rights Act of 1991, the Supreme Court limited the application of § 1981 to two areas of law — (1) contract formation and (2) enforcement of contract rights through the legal process. *Allen*, 264 F. Supp. 2d at 948 (citing *Patterson v. McLean Credit Union*, 491 U.S. 164, 171 (1989)). However, in 1991, Congress amended the law and broadened the language in § 1981 to "embrace all phases and incidents of the contractual relationship[.]" *Rivers v. Roadway Exp., Inc.*, 511 U.S. 298, 298 (1994).

Now, to state a claim under § 1981, a Plaintiff must allege: (1) she is a member of a racial minority; (2) Defendant discriminated against her on the basis of her race; and (3) the discrimination involved the making or enforcing of a contract. *Allen v. U.S. Bancorp*, 264 F. Supp. 2d 945, 948 (D. Or. 2003). The phrase "making or enforcing" contracts includes: "the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." 42 U.S.C. § 1981(b).

Defendant argues Plaintiff fails to state a claim under § 1981 because Plaintiff is unable to show Defendant's actions were racially motivated. (ECF No. 9-1 at 8–11.) According to Defendant, "apart from the allegation itself . . . Plaintiff has not provided any credible evidence to support her accusation." (*Id.* at 10.) However, at the motion to dismiss stage, that is all Plaintiff is required to do — make sufficient allegations demonstrating she is entitled to relief. *See Iqbal*, 556 U.S. at 677–78. The Court must then give Plaintiff the "benefit of every reasonable inference[.]" *Retail Clerks Int'l Ass'n*, 373 U.S. at 753 n.6. Here, the Court finds Plaintiff has sufficiently pleaded Defendant's actions were racially motivated. Plaintiff alleges she is "Black with African ancestry" and was subjected to Defendant's employee shouting at Plaintiff to "go back to where ever you are from . . . we don't do that here in America' and other racial epitaphs[.]" (ECF No. 1 ¶ 26.) Plaintiff further alleges the introduction of "race and national origin in the conversation clearly betrayed" the motivation behind the offending statements. (*Id.* ¶ 35.) The Court finds these allegations go beyond threadbare recitals of the elements of the

5

1  cause of action and are sufficient at this stage to infer Defendant discriminated against Plaintiff
2  due to her race.

3  Defendant also argues Plaintiff's claim fails because she was able to enter into a
4  contractual relationship with Defendant — she ultimately purchased her items or was given them
5  for free. (ECF No. 9-1 at 10.) In the findings and recommendations, the magistrate judge
6  focused on this argument. (*See generally* ECF No. 34.) Relying on cases from outside the Ninth
7  Circuit, the magistrate judge concluded racial discrimination did not deprive Plaintiff of her
8  ability to contract with Defendant because the "limited offensive comments" did not preclude her
9  from completing her transaction. (ECF No. 34 at 9–10 (citing *Hammond v. Kmart Corp.*, 733
10 F.3d 360, 364 (1st Cir. 2002); *Benzinger v. NYSARC, Inc. N.Y.C. Chapter*, 385 F. Supp. 3d 224,
11 234 (S.D.N.Y. 2019).)

12 The Court finds this reasoning unpersuasive and inaccurate for two reasons. First, in the
13 retail context, § 1981 guarantees patrons of a retail store the ability to enter into a contract free
14 from racial discrimination. *Clark v. Safeway, Inc.*, 478 F. Supp. 3d 1080, 1090 (D. Or. 2020).
15 While this Court acknowledges other courts have found § 1981 requires a plaintiff to demonstrate
16 she was prevented from making a purchase in the retail context, the Court declines to follow this
17 line of non-binding caselaw. *See Rogers v. Elliott*, 135 F. Supp. 2d 1312, 1315 (N.D. Ga. 2001)
18 ("Virtually all federal courts that have analyzed Section 1981 claims in the retail merchandise
19 context have required the plaintiff to show that he was actually prevented from making a
20 purchase." (internal citations omitted)). To do so would lead to results that run contrary to the
21 intent behind § 1981 — retail stores would be allowed to use racial epithets against a customer so
22 long as the customer was allowed to complete their purchase. This Court finds such a
23 construction of § 1981 untenable.

24 For example, as the District Court of Oregon reasoned in *Allen*, if outright denial of
25 services was a required condition, restaurants could utilize segregated seating without running
26 afoul of §1981. *Allen*, 264 F. Supp. 2d at 947 (noting "African American patrons could still enjoy
27 the 'fundamental characteristic of the contractual relationship' because they would 'get their
28 meal,' albeit in a segregated setting") In *Allen*, the plaintiff, an African American man, entered a

6

1    bank that designated separate lines for business related transactions and personal transactions. *Id.*
2    at 947. The plaintiff entered the bank wearing sunglasses and a hat and stood in the business
3    related transaction line. *Id.* The plaintiff alleged he was viewed suspiciously, told to remove his
4    sunglasses, denied service, and forced to move over to the line designated for individual
5    customers. *Id.* During this confrontation, the plaintiff viewed a white customer conducting
6    business in the bank without being forced to remove his sunglasses. *Id.* Based on these alleged
7    facts, the *Allen* court determined the plaintiff had sufficiently alleged race played a central role in
8    the modification and performance of the contractual relationship between the plaintiff and the
9    bank. *Id.* at 950. Thus, the court denied the request to dismiss the §1981 claim.

10   Applying this logic to the instant action, the Court finds Plaintiff has similarly sufficiently
11   alleged she was discriminated against in the modification and performance of the contractual
12   relationship. Like the plaintiff in *Allen*, Plaintiff's contractual relationship was modified in
13   violation of § 1981 when she was subjected to endure racial epithets. According to Plaintiff, it
14   was when she was discussing how to pay for the items — during the contract formation — that
15   she was subjected to racial epithets. (ECF No. 1 ¶¶ 21–26.); *cf. Clark*, 478 F. Supp. 3d at 1090–
16   91 (noting Plaintiff's § 1981 claim failed because "the discrimination did not occur while Plaintiff
17   was attempting to consummate the contract"). In other words, Plaintiff alleges she was subjected
18   to discrimination while attempting to contract with Defendant.

19   Notwithstanding the Court's disagreement with the narrow interpretation of §1981, the
20   Court also finds Plaintiff never completed the contract. It was the store manager who ultimately
21   gave Plaintiff the contested items for free. (ECF No. 1 ¶¶ 28–29.) Plaintiff never bought the
22   items herself. Therefore, on multiple grounds, the fact that Plaintiff ultimately received the
23   unpaid items does not nullify Plaintiff's § 1981 claim. (*Id.* ¶¶ 28–29); *see, e.g.*, *Allen*, 264 F.
24   Supp. 2d at 950 ("Defendant's contractual obligations to plaintiff are not satisfied merely because
25   plaintiff was ultimately able to deposit his check.")

26   Absent further argument from Defendant, the Court DENIES Defendant's motion to
27   dismiss Plaintiff's § 1981 claim.
28   ///

7

B.   Plaintiff's Unruh Civil Rights Act Claim

The Unruh Civil Rights Act ("Unruh Act") prohibits business establishments, such as Defendant, from discriminating against any person based on protected characteristics such as race. Cal. Civ. Code § 51(a), (b); *see also Stamps v. Superior Ct.*, 136 Cal. App. 4th 1441, 1452 (2006) (citation omitted). Plaintiff may establish an Unruh Act claim either by proving an Americans with Disabilities Act ("ADA") violation or intentional discrimination. *See Munson v. Del Taco, Inc.*, 46 Cal. 4th 661, 665 (2009). Here, Plaintiff appears to base her claim on intentional discrimination — not the ADA. (ECF No. 1; ECF No. 10.)

To state a claim for intentional discrimination under the Unruh Act, Plaintiff must sufficiently allege Defendant intentionally discriminated against and/or denied Plaintiff full and equal privileges or services based on Plaintiff's race. *See Liapes v. Facebook, Inc.*, 95 Cal. App. 5th 910, 922 (2023), *review denied* (Jan. 10, 2024); Jud. Council of Cal. Civil Jury Instructions, CACI No. 3060 (Unruh Civil Rights Act – Essential Factual Elements) (2024); *see also Bridges v. Kohl's Stores, Inc.*, No. 23-CV-00685-DAD-JDP, 2024 WL 4647621, at *3 (E.D. Cal. Oct. 31, 2024). "Intentional discrimination requires willful, affirmative misconduct." *Liapes*, 95 Cal. App. 5th at 922 (internal quotation marks and citation omitted). "[W]hile a disparate impact analysis does not apply to Unruh Civil Rights Act claims, nothing precludes the admission of relevant evidence of disparate impact in Unruh Act cases because it may be probative of intentional discrimination." *Id.* at 926 (internal quotations and citation omitted).

Defendant argues Plaintiff's Unruh Act claim must be dismissed because Plaintiff cannot prove her treatment was unequal compared to that of a white customer. (ECF No. 9-1 at 12.) Further, Defendant argues Plaintiff's claim fails for the same reasons her § 1981 claim fails. (*Id.*) In the findings and recommendations, the magistrate judge concluded it was unclear whether a white customer in Plaintiff's situation would have been treated differently. (ECF No. 34 at 11.) Without firmly answering this question, the magistrate judge concluded that as with Plaintiff's § 1981 claim, Plaintiff could not show that the discriminatory comments impacted her ability to purchase the disputed items because she was gifted them for free. (*Id.*) Similar to the above, the Court finds Defendant's argument that Plaintiff's ability to complete her transaction precludes her

8

from claiming a violation of the Unruh Act unavailing. *See Thomas v. Costco Wholesale Corp.*, No. 2:24-CV-00986-TLN-SCR, 2024 WL 5125813, at *3 (E.D. Cal. Dec. 16, 2024) ("Costco fails to persuade the Court that Plaintiffs' ability to proceed with their transaction precludes their Unruh Act claim.").

As to Defendant's argument about whether Plaintiff can "prove" her treatment was unequal compared to a white customer, the Court notes at the outset that there is no such requirement for Unruh claims. *See Liapes*, 95 Cal. App. 5th at 926. While disparate impact allegations may support the element of intentional discrimination, such allegations are not required. *Id.*

Here, the Court finds at this stage there are enough allegations to infer intentional discrimination. Plaintiff alleges when the security guard started yelling, the "multitude of shoppers in the store started gathering and looking at the plaintiff as if she stole something from the store[.]" (ECF No. 1 ¶ 31.) Additionally, Plaintiff alleges the "introduction of race and national origin into the conversation clearly betrayed its motivation for treating the Plaintiff differently[.]" (*Id.* ¶ 35.) Taken together, the Court finds this is enough to infer that Plaintiff, someone who is "Black with African ancestry" was intentionally discriminated against. *See Thomas*, WL 5125813, at *4 (finding allegation that Costco only asked people of color to show their cards sufficient to infer discriminatory intent); *Bridges v. Kohl's Stores, Inc.*, No. 23-CV-00685-DAD-JDP, 2024 WL 4647621, at *3 (E.D. Cal. Oct. 31, 2024) (finding allegations that "other non-Black customers who were inside the store during the incident were not treated in the same way" was sufficient to establish Unruh Act claim). Without more, Defendant's motion to dismiss Plaintiff's Unruh Act claim is DENIED.

### IV.  CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed January 14, 2025, (ECF No. 34), are adopted in part.
2. Defendant's Motion to Dismiss, (ECF No. 9), is GRANTED in part and DENIED in part as follows:

      a. DENIED as to Plaintiff's first cause of action for denial of "full and equal" enjoyment and use under 42 U.S.C. § 1981;

      b. DENIED as to Plaintiff's second cause of action for violation of California's Unruh Civil Rights Act; and

      c. GRANTED as to Plaintiff's third cause of action for false imprisonment without leave to amend.

3. Defendant's Motion to Strike, (ECF No. 8), is DENIED

4. The matter is referred back to the assigned magistrate judge for further pretrial proceedings consistent with this order.

DATE: September 29, 2025

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE